IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MARVIN MERCIER,

    Plaintiff,

           v.

STATE FARM FIRE AND CASUALTY
INSURANCE CO., TWO JOHN DOE STATE
FARM COUNSEL; and TOM MARTIN,

    Defendants.

Civil Action No.
1:21-cv-03960-SDG

**OPINION AND ORDER**

This matter is before the Court on Plaintiff Marvin Mercier's Motion to Remand [ECF 12] and Defendant Tom Martin's unopposed Motion for Judgment on the Pleadings [ECF 10]. For the following reasons, Mercier's motion is **DENIED**. Martin's motion is **GRANTED**.

**I.    Background**[1]

This litigation stems from a dispute over insurance coverage for water damage. On December 25, 2019, Plaintiff Marvin Mercier entered his home to find several inches of dirty water in his garage, kitchen, and living room.[2] The flood

---

[1] For purposes of this Order, the Court views the allegations in the light most favorable to Mercier. *Legg v. Wyeth,* 428 F.3d 1317, 1323 (11th Cir. 2005); *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998).

[2] ECF 1-1, ¶ 1.

was apparently caused by an upstairs toilet supply line which had burst.[3] Mercier turned off the line and called Defendant State Farm's claims department.[4] Mercier declined to use the restoration company offered by the insurer.[5] He scheduled a general contractor on his own to come out to clean up the property.[6] State Farm eventually sent an adjuster and an engineer to assess the damage.[7] As a result of the water infiltration, black mold ultimately spread throughout the house and Mercier's belongings.[8] He is unable to live there and has had to pay rent to live elsewhere because of the damage.[9]

Mercier started to believe that State Farm was stalling in the claims process, so he attempted to initiate a complaint with the Georgia Insurance Commissioner's Office.[10] He was unable to do so because State Farm had not yet ruled on the amount of his loss.[11] Shortly thereafter, Mercier began communicating with Phillip

---

[3]   *Id.* ¶¶ 2–3.
[4]   *Id.* ¶¶ 4–5.
[5]   *Id.* ¶¶ 6–8.
[6]   *Id.* ¶ 12.
[7]   *Id.* ¶¶ 14–19.
[8]   *Id.* ¶ 29.
[9]   *Id.* ¶¶ 62–63.
[10]  *Id.* ¶ 24.
[11]  *Id.* ¶ 25.

Poole and Tom Martin—both lawyers for State Farm—concerning his claim.[12] However, Mercier came to believe that the lawyers were also dragging out the claims process.[13] He asked his insurance agent, Angela Holloway, whether the delays in resolution of his claim were normal.[14] Holloway said that they were not, and that she would look into it.[15]

When Holloway followed up with Mercier, she told him that Martin had said he thought Mercier was engaged in insurance fraud and that he (Martin) "always treated State Farm's policyholders that way when fraudulent claims were involved."[16] Holloway told Mercier that Martin and two other lawyers for State Farm "felt as though there wasn't any flood and that [Mercier] just wanted to remodel his house."[17] Ultimately, Mercier's insurance claim was denied.[18]

---

[12]   *Id.* ¶¶ 26–28.

[13]   *Id.* ¶ 28.

[14]   *Id.* ¶ 33.

[15]   *Id.* ¶ 34.

[16]   *Id.* ¶ 35.

[17]   *Id.* ¶ 37 (emphasis omitted).

[18]   *Id.* ¶ 56.

Mercier filed suit on April 23, 2021, in the State Court of Gwinnett County, Georgia.[19] He named as Defendants State Farm, two unknown attorneys who represented State Farm (identified as "John Doe Counsels"), and Martin. Mercier asserts causes of action for rescission, bad-faith litigation under O.C.G.A. § 13-6-11, punitive damages, and defamation. He requests punitive damages of not less than $60,000 and pleads that his covered losses were nearly $70,000.[20]

On September 24, 2021, Defendants removed to this Court based on diversity jurisdiction.[21] Although both Mercier and Martin are citizens of Georgia, Defendants argue that Martin was fraudulently joined.[22] On October 4, 2021, Martin moved for judgment on the pleadings, asserting that Mercier's defamation cause of action fails to state a claim.[23] Mercier did not oppose the motion. On October 18, Mercier moved to remand.[24] State Farm opposes that motion.[25]

---

[19] ECF 1-1.

[20] *Id.* ¶ 74, at 19.

[21] ECF 1.

[22] *Id.* ¶¶ 4, 6.

[23] ECF 10.

[24] ECF 12.

[25] ECF 13.

## II.     Discussion

When a case has been removed, the Court "must determine whether it has original jurisdiction over the plaintiff's claims." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). District courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and there is complete diversity of citizenship. 28 U.S.C. § 1332. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Defendants have satisfied their burden with regard to the amount in controversy and, because Mercier cannot state a claim against Martin, there is complete diversity.

### A.     Amount in Controversy

The amount in controversy is measured "on the date on which the court's diversity jurisdiction is first invoked, in this case on the date of removal." *The Burt Co. v. Clarendon Nat. Ins. Co.*, 385 F. App'x 892, 894 (11th Cir. 2010). The party seeking to invoke federal diversity jurisdiction must show by a preponderance of the evidence that the claim meets the threshold jurisdictional amount of $75,000. *Wineberger v. RaceTrac Petro., Inc.*, 672 F. App'x 914, 916–17 (11th Cir. 2016) (citing *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003)).

In support of remand, Mercier's sole argument is that he did not plead more than $75,000 in damages. He therefore contends the amount in controversy has not been met.[26] As Defendants point out, however, the face of the Complaint is sufficient to dispel this argument. The pleading alleges that Mercier had covered losses of nearly $70,000 as of December 2020.[27] He has not been able to live in his home for some period of time because of the un-remediated black mold, all while paying the mortgage and renting a habitable abode.[28] He seeks to recover punitive damages of "not less than" $60,000, as well as attorneys' fees.[29] Based on Mercier's own allegations, the Court readily concludes that Defendants have satisfied their burden to establish the amount in controversy. *Wineberger*, 672 F. App'x at 916–17.

### B. Motion for Judgment on the Pleadings

The only cause of action asserted against Martin is for defamation.[30] To prove a claim of defamation, a plaintiff

> must submit evidence of (1) a false and defamatory statement about himself; (2) an unprivileged communication to a third party; (3) fault by the defendant amounting at least to negligence; and

---

[26] ECF 12.

[27] ECF 1-1, ¶ 74. *See also* ECF 13, at 2–3.

[28] ECF 1-1, ¶¶ 45–46, 62–63.

[29] *Id.* ¶¶ 79–93. The numbering in the Complaint skips paragraphs 81 to 90.

[30] *Compare* ECF 1-1, at 16–18 (Counts I–III) *with id.* at 18–19 (Count IV).

> (4) special damages or defamatory words injurious on their face.

*RCO Legal, P.S., Inc. v. Johnson*, 347 Ga. App. 661, 668 (2018) (cleaned up). Publication—that is, communication of the defamatory statement to someone other than the impugned party—is a necessary element of the cause of action. *Chisolm v. Tippens*, 289 Ga. App. 757, 762 (2008); *see also Galardi v. Steele-Inman*, 266 Ga. App. 515, 519 (2004) ("Publication is indispensable to recover for slander.") (citation omitted); *Kurtz v. Williams*, 188 Ga. App. 14, 15 (1988) (same).

There is a "broad exception" to the definition of "publication" where "intracorporate" communications are concerned. *Galardi*, 266 Ga. App. at 519 (citation omitted). *See also RCO Legal*, 347 Ga. App. at 673 (same); *Kurtz*, 188 Ga. App. at 15 (same). When the statement at issue is communicated within a corporation or "between members of unincorporated groups or associations," and "is heard by one who, because of his/her duty or authority has reason to receive information," that there is no publication. *Galardi*, 266 Ga. App. at 519 (citation omitted). *See also RCO Legal*, 347 Ga. App. at 673 (citing *Scouten v. Amerisave Mortg. Corp.*, 283 Ga 72, 73 (2008)); *Kurtz*, 188 Ga. App. at 15 (citing authorities). Such statements are the legal equivalent of talking to yourself. *Galardi*, 266 Ga. App. at 519; *Kurtz*, 188 Ga. App. at 15.

Martin was serving as State Farm's attorney when he allegedly defamed Mercier.[31] Since the purportedly defamatory statement here was made to another agent of State Farm, there was no publication. *Haezebrouck v. State Farm Mut. Auto. Ins.*, 216 Ga. App. 809, 812–13 (1995) (concluding the trial court erred in refusing to grant summary judgment against the plaintiff on his libel claim based on a statement in a report by State Farm's medical consultant provided to the insurer's claims representative when the statement was made in the course of the consultant's "performance of [his] private duty to State Farm"); *Carter v. Willowrun Condo. Ass'n, Inc.*, 179 Ga. App. 257, 258 (1986) (holding there was no publication where the allegedly defamatory communication "was made only to one who had reason to receive the information . . . ."). Mercier has therefore failed to plead a cause of action against Martin.

## III.  Conclusion

Martin's unopposed Motion for Judgment on the Pleadings [ECF 10] is **GRANTED**. The Clerk is **DIRECTED** to terminate Martin from this action. Because the Court may properly exercise jurisdiction, Mercier's Motion to Remand [ECF 12] is **DENIED**. Mercier and State Farm are **DIRECTED** to conduct the Rule

---

[31]  *Id.* ¶ 35. *See generally* ECF 1-1.

26(f) conference within 14 days and to file the Joint Preliminary Report and Discovery Plan within 21 days after entry of this Order.

**SO ORDERED** this 29th day of September, 2022.

                                                     Steven D. Grimberg
                                         United States District Court Judge